RECEIVED
JUN 15 2020
U.S. District Court
Eastern District of MO

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

|   |   |
|---|---|
| DONALD HARDEN<br>Plaintiff<br>VS. | )<br>)<br>)<br>)         **COMPLAINT NO.**<br>),<br>) |

**MISSOURI BOARD OF PROBATION AND PAROLE,
CHAIRMAN DON PHILLIPS, DISTRICT ADMINISTRATOR, VALORIE
SPARKS, UNIT SUPERVISORS TERRI BROLEMAN, DAVE
SCRUGG, Parole Officer, ADRIAN HARRIS and, MISSOURI
INTERVENTION FEE PROGRAM.
Defendants.**

## AMERICANS WITH DISABILITY ACT OF 1990, 42 U.S.C.1213-12134, AND ITS IMPLEMENTING REGULATIONS

1. Plaintiff Donald Harden, bring this action to enforce his rights with a serious physical illness ignored in a manner that results in the unnecessary continued intervention fee assessments, no opportunity for lower level supervision and early parole release.
2. Plaintiff has a disability within the meaning of 42 U.S.C. subsection 12102.
3. Plaintiff has been subjected to **intentional discrimination** becuse of his disabilies.
4. For nearly **15 years** defendants have deliberately ignored or not considered plaintiffs disabilities serious.
5. Plaintiff has a severe back injury. Plaintiff has consulted with more than **10-12** leading orthopedic back surgeons. This injury has resulted in numerous back surgeries including **25** or more therapeutic

injections, informally known as 'cortisone shots ' ( **over a number of years)**, a discectomy, and finally an level II spine fusion, physical therapy, walker, back brace, cane, pain medications, including 30 mg oxycodone, 30 mg morphine which is the current treatment plaintiff has been receiving on a bi-monthly basis for over ten **(10) years.**
6. Each visit and appearance to the Probation and Parole office plaintiff has provided defendants with a copy of his medications and doctor visits for their records.
7. However, defendants have continued to ignore any and all evidence of plaintiff's medical conditions.
8. On many visits to defendants' offices, plaintiff was notified that the intervention fee was overdue and as required by state law as a condition of parole to pay intervention fees or be subject to continued high level of supervision, **(other non specific)** sanctions and/or returned to confinement.
9. Plaintiff has been threatened to remain on increased supervision and has in fact, been subjected to the **highest level** of supervision since **March 2001.**
10. Plaintiff has been denied lower levels of supervision without reasons or **ability to appeal.**
11. According to the Missouri Department of Corrections Division of Probation and Parole if **you are not disable** or otherwise exempt from paying intervention fees, you are required to pay a monthly intervention fee of **$30.00 - $60.00** throughout the duration of your supervision.
12. Plaintiff was released on parole **March 6, 2001**, by the Missouri Board of Probation and Parole.
13. The Missouri intervention fee program was not established until **May 2005.**
14. Plaintiff was **seriously injured in a work related incident in June 2003.**
15. Plaintiff **cannot** and **has not** worked since **June 2003.**

16. Plaintiff immediately notified his parole officer(s) of his serious injury that limited his ability to work at the time it occurred.
17. Plaintiff informed defendants on numerous occasions that he has a **L1-L5 lumbar spine injury** of the spinal cord that resulted with plaintiff not being able to work, often not being able to walk, stand, sit, drive. laydown, standup, run, bounce, poor posture and/or other limitations including shortness of breath, numbness and feelings of pin and needles in the legs and feet, and depression.
18. Plaintiff has been treated for Back Pain treatment by Dr. Kevin A. Coleman, MD, and Susan Wittlich MD, at Millennium Pain Management for nearly ten **(10) years** constantly.
19. Defendant(s) rejected plaintiffs' excuse and advised him that simple back pain was irrelevant to the assessment of intervention fees.

Plaintiff was officially determined totally disable by a Social Security Federal disability **Judge in 2007.**

20. The State of Missouri and Missouri Department of Social Services **(MO HEALTHNET) declared the plaintiff totally disable in 2010**, with benefits including medications and treatment at Millennium Pain Management, and ongoing.
21. Plaintiff provided defendants with copies of each above mentioned decision.
22. Plaintiff have had as many as **20 (twenty)** or more different parole officers since **March 2001.**
23. To date, defendants continue to deny plaintiffs' injuries or refuse to exempt plaintiff from paying intervention fees.
24. Plaintiff has not paid a monthly intervention fee throughout the duration of his supervision.
25. Defendants have placed plaintiff in **(a non- official like)** violation status for not paying intervention fees.
26. Plaintiff has been denied lower levels of supervision and thus, early release from parole for being in **( a non-official like)** violation status for not paying intervention fees.

27. As recently as **May 2020**, plaintiff provided defendants with documentation including recent paperwork from his pain management care treatment provider, a compact disk with a copy of an **MRI** scan (**and written detail evaluation**) and other recent medical records relevant to plaintiffs' disability.
28. Defendants have stated that the plaintiff could be subjected to intervention fees and **current level of supervision indefinite.**
29. Defendants stated **vindictiveness** and refusal to acknowledge documented medical conditions has resulted in a current overdue intervention fee balance of **$3250.00** or more, with hints and slight indications or suggestions of continued high level of supervision along with an untimely scheduled release from parole.
30. As a result of defendants **discriminatory conduct,** plaintiffs **suffered physical pain, mental and emotional distress.**

### 31. PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff Donald Harden request this court:

**A.** Grant judgement in favor of the plaintiff and declare that defendants violated Title I, II, III, of the ADA, 42 U.S.C. subsection 12181-89 and/or its implementing regulations, 28 CFR, part 36:

**B.** other defendants, its officers, agents, employees, and all others in concert or participants with it, to comply with the requirements of Title I, II, III of ADA, 42 U.S.C subsection 12181-89.

**C.** award compensatory damages including damages for pain, suffering mental and emotional distress, to aggrieved person under 42 U.S.C. subsection 12188-96, for injuries suffered as a result of defendant's violation of Title I, II, III, of ADA subsection 12181-89, and its implementing regulations.

**D.** assess a civil penalty against defendants in the maximum authorized by 42 U.S.C. subsection 12188(b)(2)(c), to vindicate the plaintiff as well as the public interest; and

**E.** order such other appropriate relief as the interests of justice may require.

Respectfully submitted this 15th day of June 2020

*[signature]*

Donald Harden/Plaintiff

## CERTIFICATE OF SERVICE

I, plaintiff Donald Harden hereby certify that on this 15th day of June 2020, two (2) true and correct copies of the following documents was mailed to the office of Missouri Attorney General Eric Schmitt
Wainwright State Office Building
111 N. 7th St.
St. Louis, Mo 63101

Respectfully submitted

*[signature]*

Donald Harden
Plaintiff
3725 N. 20th St.
St. Louis, MO 63107
(314) 621-9992

cc:

Missouri Board of Probation and Parole Chairman,
Don Phillips,
District Administrator, Valorie Sparks,
Unit Supervisors Terri Broleman, Dave Scrugg,
Parole Officer, Adrian Harris and Missouri Intervention Fee Program


Probation and Parole Office
220 S. Jefferson Ave
St. Louis, MO 63103