UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD HARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-771 JAR |
| | ) | |
| MISSOURI BOARD OF PROBATION AND | ) | |
| PAROLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Donald Harden

for leave to commence this Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*,

action, without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion

and the financial information submitted in support, the Court will grant the motion and waive the

filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). Furthermore, after reviewing the complaint,

the Court will direct plaintiff to file an amended complaint in accordance with the instructions set

out below.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma*

*pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief against a defendant who is immune from such relief. To state a claim for

relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the

elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which

is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

### The Complaint

Self-represented plaintiff Donald Harden seeks relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, against seven named defendants: (1) Missouri Board of Probation and Parole; (2) Don Phillips (chairman); (3) Valorie Sparks (district administrator); (4) Terri Broleman (unit supervisor); (5) Dave Scrugg (unit supervisor); (6) Adrian Harris (parole officer); and (7) Missouri Intervention Fee Program. ECF No. 1 at 1. According to plaintiff, he suffered a serious back injury – constituting a disability under the ADA – yet defendants have ignored and denied his injury, such that they will not waive the monthly intervention fees (as

allowed under Missouri statute) assessed against him.  Plaintiff asserts that this ignorance and denial constitutes intentional disability discrimination under the ADA.

Plaintiff was released on parole by the Missouri Board of Probation and Parole in March 2001. ECF No. 1 ¶ 12.   In June 2003, plaintiff suffered a serious back injury in a work-related incident, and he has not been able to work since. *Id.* ¶¶14-15.   Plaintiff immediately notified his parole officer of the incident and inability to work. *Id.* ¶ 16.   Due to the injury, plaintiff has "consulted with more than 10-12 leading orthopedic back surgeons;" had "numerous back surgeries including 25 or more therapeutic injections, informally known as cortisone shots;" had a discectomy and a level II spinal fusion; and has required physical therapy, a walker, a back brace, a cane, and pain medications. *Id.* ¶ 5.  Plaintiff asserts that he has repeatedly informed defendants that he has a L1-L5 lumbar spine injury, for which he has been receiving medical treatment for "nearly ten (10) years constantly," and that he has provided medical records confirming these medications and doctor visits at each visit with his parole officer. *Id.* ¶¶ 6, 17-18.  As recently as May 2020, plaintiff provided defendants with medical records, including an MRI scan, confirming his medical conditions. *Id.* ¶ 27.   Plaintiff was declared "totally disable[d]" by a Social Security disability judge in 2007 and by the Missouri Department of Social Services (MO HealthNet) in 2010. *Id.* ¶¶ 19-20.  Plaintiff provided copies of these decisions to defendants as well. *Id.* ¶ 21.

Plaintiff states that the Missouri Intervention Fee Program was established in May 2005. *Id.* ¶ 13.  Under this program, plaintiff alleges that "if you are not disable[d] or otherwise exempt from paying intervention fees," you are required to pay a monthly fee of between thirty (30) and sixty (60) dollars, during the time that you are on supervision with the Missouri Department of Corrections, Division of Probation and Parole. *Id.* ¶ 11.  Plaintiff admits that he was repeatedly informed, during visits to the Probation and Parole office, that he owed intervention fees as

3

required by state law as a condition of his parole. *Id.* ¶ 8. Plaintiff states that he has never paid the monthly intervention fee which has resulted in an overdue amount of $3250. *Id.* ¶ 29; ECF No. 1-1 at 1.

Plaintiff asserts that the defendants have ignored and denied the seriousness of his back injury and refused to exempt him from paying the intervention fees. ECF No. 1 ¶ 23. Plaintiff states that he was advised that "simple back pain [is] irrelevant to the assessment of intervention fees." *Id.* ¶ 19. Plaintiff has been placed "in (a non-official like) violation status" and has been denied lower levels of supervision (including early release from parole) without the ability to appeal, because he has not paid the fees. *Id.* ¶¶ 1, 10, 25-26. Contradictorily, plaintiff alleges that defendants have both "threatened" and just simply provided "hints and slight indications or suggestions of continued high level of supervision," due to the lack of payment of fees. *Id.* ¶¶ 8-9, 29; *see also* ECF No. 1-1 at 2 ("Failure to pay your intervention fees may increase your level of supervision or a sanction may be imposed.). Defendants have informed plaintiff that his supervision could last indefinitely. *Id.* ¶ 28.

According to plaintiff, he has suffered physical pain and mental-emotional distress due to the alleged actions of defendants. *Id.* ¶ 30. For relief, plaintiff seeks a declaratory judgment that defendants have violated the ADA, an order requiring defendants to comply with the ADA, and an award of monetary damages and civil penalties. *Id.* ¶ 31.

## Discussion

Reviewing plaintiff's complaint under 28 U.S.C. § 1915(e)(2), the Court finds that there are several flaws needing resolution for this case to proceed. The Court will allow plaintiff to file an amended complaint in an attempt to cure these pleading deficiencies.

First, plaintiff needs to allege facts demonstrating that he has been denied a waiver of his

intervention fees and that the denial is related to his alleged disability.  Missouri statute authorizes

the Missouri Division of Probation and Parole to charge intervention fees:

> The division of probation and parole has discretionary authority to require the payment of a fee, not to exceed sixty dollars per month, from every offender placed under division supervision on probation, parole, or conditional release, to waive all or part of any fee, to sanction offenders for willful nonpayment of fees, and to contract with a private entity for fee collections services. … The board shall adopt rules not inconsistent with law, in accordance with section 217.040, with respect to sanctioning offenders and with respect to establishing, waiving, collecting, and using fees.

Mo. Rev. Stat. § 217.690(3).  The Missouri Department of Corrections website provides a list of

the categories of people who can be exempted or waived from payment of the intervention fee:

> The following offenders are exempted from payment based on their case status:
> - Missouri parole and conditional release cases for 90 days after initial release.
> - Dual cases for 90 days following initial release of the Parole Board case.
> - Deferred Prosecution, Re-entry Court, Drug Court, DWI Court, Drug Re-Integration Court
> - and Veterans Court (both deferred prosecution and post plea) cases.
> - Bond cases.
> - Those cases assigned to the Interstate Compact Unit.
>
> The following waivers may apply based on the offender's personal situation:
> - Confined Offender and Violator (Confined for a period exceeding 90 days).
> - Interstate Transfers – once the offender is accepted by the receiving state.
> - Judicial Waiver.
> - Insufficient income.

*See* Missouri Department of Corrections - Intervention Fees FAQs: Do all offenders that are

financially able to pay get billed on a monthly basis?  https://doc.mo.gov/divisions/probation-

parole/intervention-fees (last visited Aug. 17, 2020).  Importantly, the Court notes that there is no

listing for a waiver based on a finding that an offender is disabled, as alleged by plaintiff.

Plaintiff's ADA claim appears to fall under Title II of the ADA, which provides that "no

qualified individual with a disability shall, by reason of such disability, be excluded from

participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Here, plaintiff's ADA claim is founded on the allegation that he is being denied waiver of his intervention fees because defendants will not acknowledge his disability. However, plaintiff points to no Missouri Division of Probation or Parole rule, or any Missouri statute, allowing waiver of the intervention fee based on a finding of disability. There are grounds for waiver based on personal situation stated above that may apply to plaintiff – such as judicial waiver or insufficient income waiver. However, plaintiff does not allege or provide evidence of a denial of waiver based on one of these grounds that is due to disability discrimination. Furthermore, plaintiff does not even specifically allege, nor provide details pertaining to, any denial of waiver at all by the defendants. Plaintiff alleges that he presented his medical paperwork to defendants, but he does not state what steps, if any, he took to get a fee waiver and whether such request for waiver was denied. *See also* ECF No. 1-1 at 2 (directions provided in an exhibit to the complaint states that an offender "unable to make the full $30.00 payment each month" should call their parole officer "and establish an alternate payment amount.").

Second, plaintiff lists many defendants in the caption of his complaint but fails to allege facts specific to each defendant. Plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can know what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim") (internal quotations and citation omitted). Plaintiff's allegations refer to the defendants as a group throughout the complaint. In some places, plaintiff makes allegations regarding his "parole officer" but he does not name the parole officer. To add to the confusion,

plaintiff states that he has had "as many as 20 (twenty) or more" different parole officers since being paroled in March 2001.  ECF No. 1 ¶ 22.

The Missouri Intervention Fee Program is a program of the Missouri Division of Probation and Parole, which is run by the Missouri Department of Corrections.  *See* ECF No. 1-1 at 1.  It seems these two defendants (Missouri Board of Probation and Parole and Missouri Intervention Fee Program) are really both part of the same agency – the Missouri Department of Corrections.

As to the individually named defendants (Don Phillips, Valorie Sparks, Terri Broleman, Dave Scrugg, and Adrian Harris), it is unclear exactly what each of their roles were in the lack of acknowledgment of plaintiff's disability.  None of these defendants are named in the factual allegations of plaintiff's complaint.  The Court notes that plaintiff attached to the complaint a letter he received from the Division of Probation and Parole reminding him of his overdue fee amount, which was signed by defendant Valorie Sparks, as the District Administrator.  ECF No. 1-1 at 2. However, the Court can find no mention of the other individual defendants in the pleadings filed by plaintiff.

These two fatal pleading flaws must be corrected in order for plaintiff's case to possibly withstand initial review under 28 U.S.C. § 1915(e)(2).  Because plaintiff is self-represented and has presented serious allegations to the Court, he will be allowed to amend his complaint in accordance with the instructions set forth below.  Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint, and so the amended complaint must include all claims plaintiff wishes to bring.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect.").  Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and

will not be considered. *Id.* Plaintiff must submit the amended complaint on a Court-provided form, and the amended complaint must comply with the Federal Rules of Civil Procedure.

Plaintiff should type or neatly print his amended complaint on the Court's Civil Complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms."). Plaintiff should fill out the complaint form in its entirety. If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name every party he intends to sue. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all defendants must be clearly listed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in the correct capacity may result in the dismissal of that defendant.

8

Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint on the Court's form in accordance with the specific instructions set forth here. After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. §1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's Civil Complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint, in accordance with the instructions set forth above, on the Court's form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this 19ᵗʰ day of August, 2020.

_____

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE