UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD HARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-CV-771 JAR |
| | ) | |
| MISSOURI BOARD OF PROBATION AND PAROLE, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon a Motion to Stay (ECF No. 4) and a Writ of Prohibition (ECF No. 5)[1] filed by self-represented plaintiff Donald Harden. Plaintiff's motion requests a stay of this matter "until the Court of Appeals has reached a final decision" on a Writ of Prohibition that plaintiff is filing with the appellate court "requesting that the Memorandum and Order issued on August 19, 2020" in this action "be rescinded for lack of jurisdiction." ECF No. 4 at 1-2. Plaintiff argues that this Court's August 19, 2020 Order (ECF No. 3) incorrectly screened his complaint in this matter under 28 U.S.C. § 1915(A). Plaintiff argues that 28 U.S.C. § 1915(A) does not apply to him because he is not incarcerated and was not incarcerated at the time of the complaint filing.

In the Court's August 19, 2020 Order, the Court stated that it would grant plaintiff's motion for leave to commence this action without the prepayment of the required filing fee (otherwise

---

[1] It is unclear if the Writ of Prohibition (ECF No. 5) filed by plaintiff in this case is a copy of a Writ filed in the court of appeals or if plaintiff mistakenly filed the Writ with this Court instead of with the Eighth Circuit Court of Appeals. As the Writ document (ECF No. 5) was delivered to the Clerk of this Court with the Motion to Stay (ECF No. 4), it was properly docketed in this matter. However, if plaintiff did not file a copy of the Writ with the appellate court and he still wishes to seek appellate relief after the discussion and explanation provided in this Order, plaintiff should seek such relief by filing with the Eighth Circuit Court of Appeals – the court which has appellate jurisdiction over this Court.

known as a motion for *in forma pauperis*), and the filing fee would be waived. ECF No. 3 at 1. Such motion was granted in an Order entered this same date. As such, plaintiff is proceeding in this matter *in forma pauperis*.

The Court acknowledges that plaintiff is not a prisoner and was not incarcerated at the time of the complaint filing. The Court also agrees with plaintiff that screening under 28 U.S.C. § 1915A is only appropriate for "a complaint in a civil action in which a **prisoner** seeks redress." 28 U.S.C. § 1915A(a) (emphasis added). However, that is not the provision used by this Court in its August 19, 2020 Order to review plaintiff's complaint. The Court reviewed plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), which governs *in forma pauperis* filings.

It is well established that 28 U.S.C. § 1915(e)(2)(B) authorizes dismissal of complaints filed *in forma pauperis* without regard to whether the plaintiff is a prisoner. *See Ausler v. Bradford*, 709 F. App'x 412 (8th Cir. 2018) (affirming 28 U.S.C. § 1915(e)(2)(B) dismissal of complaint filed by plaintiff who was not incarcerated at time of complaint filing); *Carter v. Bickhaus*, 142 F. App'x 937, 938 (8th Cir. 2005) (affirming dismissal of nonprisoner IFP complaint under 28 U.S.C § 1915(e)(2)(B), but remanding to permit the plaintiff to allege a habeas case). *See also Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-206 (2d Cir. 2002); *Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006); *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001); and *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). As clearly summarized in an Administrative Order issued by the Sixth Circuit:

> The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The moment the complaint is filed, it is subject to review under § 1915(e)(2). If the complaint falls within the requirements of § 1915(e)(2) when filed, it must be dismissed.

*In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

As such, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Because plaintiff is proceeding *in forma pauperis* in this matter, his complaint is subject to screening under 28 U.S.C. § 1915. Plaintiff motion to stay this case will be denied.

To the extent that plaintiff seeks any relief from this Court in his filing titled "Writ of Prohibition – 28 U.S.C. 1915(A) Inapplicable" (ECF No. 5), including an order from this Court vacating the its August 19, 2020 Order, such relief is denied. As discussed above, the Court is not using 28 U.S.C. § 1915A to screen the complaint in this matter. As directed in the Court's August 19, 2020 Order, plaintiff must file an amended complaint in accordance with the instructions set out in that Order and on the Court's form. However, in order to provide plaintiff with sufficient time, the Court will extend the deadline for the filing of the amended complaint until thirty (30) days from the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to stay [ECF No. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that to the extent that plaintiff's seeks relief from this Court in his Writ of Prohibition [ECF No. 5], it is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's deadline for filing an amended complaint, in accordance with the instructions set forth in the Court's August 19, 2020 Order and on a Court form, is now **thirty (30) days** from the date of this Order.

Dated this 1st day of September, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE