RECEIVED

SEP 14 2020

U.S. District Court
Eastern District of MO

4:20cv771 JAR

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
DIVISION

Donald Harden
Plaintiff

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Complaint for a Civil Case**

*(Write the full name of each plaintiff who is filing this complaint.   If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No.
*(to be assigned by Clerk of District Court)*

Plaintiff requests trial by jury:
☑ Yes   ☐ No

Missouri Board of Probation and Parole, et al.,
See Attached with full list

*(Write the full name of each defendant. The caption must include the names of all of the parties. Fed. R. Civ. P. 10(a). Merely listing one party and writing "et al." is insufficient. Attach additional sheets if necessary.)*

Amended
**CIVIL COMPLAINT**

*NOTICE:*

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the $400.00 filing fee or an application to proceed without prepaying fees or costs.*

## I.      The Parties to This Complaint

### A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach
additional pages if needed.

| | |
|---|---|
| Name | DONALd HARDEN |
| Street Address | 2806 Osage APT 1E |
| City and County | St.Louis, MO 63118 |
| State and Zip Code | 6311Y |
| Telephone Number | (314) 265-9844 |
| E-mail Address | |

### B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the
defendant is an individual, a government agency, an organization, or a corporation. For
an individual defendant, include the person's job or title (if known). Attach additional
pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Missouri Board of Probation |
| Job or Title | and PAroLe et Al., |
| Street Address | 3400 Knipp Dr. |
| City and County | Jefferson City, MO |
| State and Zip Code | 65101 |
| Telephone Number | (573) 751-8486 |
| E-mail Address | SEE ATTACHED PAGES |

*(If more than one defendant is named in the complaint, attach an additional
page providing the same information for each additional defendant.  If you are
suing for violation of your civil rights, you must state whether you are suing
each defendant in an official capacity, individual capacity, or both.)*

**II.    Basis for Jurisdiction**   *SEE Attached PAGES*

Federal courts are courts of limited jurisdiction (limited power). Generally, only three types of cases can be heard in federal court. Provide the information for this case. *(Include all information that applies to your case)*

**A.    Federal question**   

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.



**B.    Suit against the Federal Government, a federal official, or federal agency**

List the federal officials or federal agencies involved, if any.

*SEE Attached PAGES*

**C.    Diversity of Citizenship**

These are cases in which a citizen of one State sues a citizen of another State or nation, and the amount at stake is more than $75,000.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

1.    The Plaintiff(s)   *See Attached Sheets*

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

If the defendant is an individual

The defendant, *(name)* _____, is a citizen

of the State of *(name)* _____ *Or* is a citizen

of *(foreign nation)* _____.

If the defendant is a corporation

The defendant, *(name)* _____

is incorporated under the laws of the State of *(name)*

_____, and has its principal place of

business in the State of *(name)* _____ *Or*

is incorporated under the laws of the State of *(foreign nation)*

_____, and has its principal place

of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy----the amount the plaintiff(s) claims the defendant(s) owes or the amount at stake----is more than $75,000, not counting interest and costs of court, because *(explain)*:

4

### III.   Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s).  For every defendant you have named in this complaint, you must state what he or she personally did to harm you.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Do not make legal arguments, or cite court cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

        1.     What happened to you?
        2.     When did it happen?
        3.     Where did it happen?
        4.     What injuries did you suffer?
        5.     What did each defendant personally do, or fail to do, to harm you?



See Attached Pages

### IV.   Relief

State briefly and precisely what damages or other relief you want from the Court.  Do not make legal arguments.

See Attached Pages

Do you claim the wrongs alleged in your complaint are continuing to occur now?

Yes ☑   No ☐

Do you claim actual damages for the acts alleged in your complaint?

Yes ☑   No ☐

Do you claim punitive monetary damages?

Yes ☑   No ☐

If you indicated that you claim actual damages or punitive monetary damages, state the amounts claimed and the reasons you claim you are entitled to recover these damages.

SEE ATTACHED PAGES

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.



Signed this __14th__ day of __September__, 20 __20__.

Signature of Plaintiff(s) _____

6

AMENDED COMPLAINT
COMPLAINT FOR A CIVIL CASE

No. 4:20-CV-00771-JAR
JURY TRIAL DEMANDED
ATTACHED: AMENDED COMPLAINT

Donald Harden, Pro se
Plaintiff.

v.

Missouri Board of Probation and Parole et al.
Defendants.

# AMERICANS WITH DISABILITY ACT OF 1990, 42 U.S.C.1213-12134 ITS IMPLEMENTING COMPLEMENTARY STATUTES AND AMENDMENT ACT OF 2008 et seq.

1. The Partied to This Complaint:

A.     The Plaintiff /Pro se
       Donald Harden
       2806 Osage st. APT 1E
       St. Louis, MO 63118
       (314) 265-9844

B.  The Defendant(s)

       Defendant  No. 1
       Missouri Board of Probation and Parole
       3400 Knipp Dr  .
       Jefferson City, MO 65101

(573) 751-8488

Defendant No. 2
Don Phillip
Chairman Board of Probation and Parole
3400 Knipp Dr.
Jefferson City, MO 65101
(573) 751-8488


Defendant No. 3
Valorie Sparks
District Administrator
220 South Jefferson Ave.
St. Louis, MO 63103
(314) 284-8906

Defendant No. 4
Terri Broleman
Unit Supervisor
220  South Jefferson Ave.
St. Louis, MO 63103
(314) 284-8907

Defendant No. 5
David Scrugg
Unit Supervisor
220 South Jefferson Ave.
St. Louis, MO 63103

2.

(314) 284-8908

Defendant No. 6
Adrian Harris
(Current) Parole Officer
220 South Jefferson Ave.
St. Louis, MO 63103
(314) 340-7240

Defendant No. 7
Missouri Intervention Program
3400 Knipp Dr.
Jefferson City, MO 65101
1-855-DOC-IFEE (1-855-362-4333)
 Online at wwwmodocfees.com


Defendant No. 8

Angela Laster
(Former) Parole Officer
220 South Jefferson Ave.
St. Louis, MO 63103
(314)  340-7245

**Basis for Jurisdiction**

II.

Americans With Disability Act Of 1990,("ADA") 42 U.S.C. 12101 et seq., 42 U.S.C. 12132, its Implementing Regulations and, Related Complementary Statutes and amendment act of 2008.

A. Plaintiff Donald Harden, a resident of St. Louis, Missouri. On June 19, 2020 filed a complaint (ADA), 42 U.S.C. 12101 et seq., 42 U.S,C. 12132 et seq., also  amendment act of 2008 et seq.,  accompanied by a properly completed and executed in forma pauperis affidavit seeking leave to proceed in forma pauperis.

B. Specifically, plaintiff has been subjected to intentional discrimination because of his disabilies.

C.  Plaintiff  ADA under Title II of the ADA  provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of service, program, or activities of a public entity." 42 U.S.C. 12132.

D. Plaintiff has a record of and regarded as having a substantial impairment and has been intentionally  discriminated against based on disability in all programs, activities, and services provided by an institution and agency of the State of Missouri.

E. Defendant(s) Don Phillip, Valorie Sparks, Terri Broleman, Dave Scrugg,  Adrian Harris and Angela Laster are individual citizens of the State of Missouri.

F. Defendants (s) Don Phillip. Valorie Sparks, Terri Broleman, Dave Scrugg,  Adrian Harris and Angela Laster  are employees of Missouri Board of Probation and Parole.

G. Defendant(s) Missouri Board of Probation and Parole  are an Institution and Agency incorporated under the laws of the State of Missouri.

H. Defendant(s) are personally responsible for the creation and implementations of policy and procedures as outlined in Missouri Intervention Program  Mo. Code Regs. tit. 80-5.020.

I. Defendant(s) are acting outside the scope of their duties.

J. Defendant(s) Missouri Intervention Fee Program is a program, service, activities of a public entity incorporated under the laws of the State of Missouri.

K. Each defendant(s) are sued in their individual and official capacity.

L. Plaintiff brings this action to enforce his rights with a serious physical illness ignored in a manner that results in a denial of a service, a known waiver, the unnecessary continued intervention fee assessment, no opportunity for lower level supervision, early parole release nor an opportunity to appeal.

## STATEMENT OF FACTS

III.    I, plaintiff Donald Harden, was paroled from Missouri prison in March 2001, and immediately started working as a laborer for a construction company while on parole.
 Plaintiff suffered a serious back injury in 2003, while working as a laborer and has not been able to work since. Plaintiff has repeatedly informed defendants he has  an  L-1-L-5  lumbar spine injury,  degenerative spine disease and other damage from the injury.
 Rehab includes years of treatments eventually resulting in physical therapy, numerous back procedures including countless therapeutic injections, informally known as cortisone shots, a walker, back brace, a cane, discectomy and finally  a level II spine fusion, pain medications along with depression and thoughts of sucide.
Plaintiff informed defendants on numerous occasions that the plaintiff server from a L1-L5 lumbar spine injury and degenerative spine disease of the spinal cord that results with plaintiff often not being able  to walk, stand, sit,drive, laydown, standup, run, bounce, numbness and feelings of pins and needles in the legs, and feet, and depression..
 Again,  this injury has resulted in numerous back surgeries, including 25 or more therapeutic injections, informally known as "cortisone shot" (over a number of years) a discectomy, and finally a level II spine fusion that ultimately did not properly fix the plaintiff's back pains. Rehab has included  (among other things),  physical and mental therapy, walker, back brace, cane,

5.

various pain medications, including 30 mg. Oxycodone, 30 mg. Morphine, plaintiff current treatment and counseling.

Even before a United States Disability Judge ruled that the plaintiff was totally disabile, at this point in plaintiff's life even if there were some very light duties the plaintiff could do on a job of some sort, plaintiff would have required special accommodations due to the plaintiff's disabilities. In fact, at that time the plaintiff does not believe that he was qualified physically or mentally to perform the "essential functions" of any job.

In May 2005, defendant(s) Missouri Board of Probation and Parole established the Missouri Intervention Fee Program Mo Code Regs. tit. 80-5.020 pursuant to Mo. Rev. Stat. 217.040. Plaintiff was going through various different medical treatments in 2005, and either could not work and/or light duty only work per doctor's orders. Thereafter, a hearing by a United States Disability Judge ruled that the plaintiff was "not capable of being gainfully employed" and was totally disable to work.

Defendant(s) No. 8 Angela Laster, insisted that MO Code Regs. tit. 80-5.020 applies to all offenders, including plaintiffs. (The plaintiff has had over 20 different parole officers) Defendant No. 8 Angela Laster, (plaintiff parole officer at the time) specifically stated in May 2005, that their policy and procedures Intervention Fee Program (MO Code Regs. tit. 80-5.020), did in fact, apply to the plaintiff and that the plaintiff was capable of being gainfully employed. Defendant No. 8. Angela Laster was also the first defendant(s) to seek sanctions against the plaintiff in May 2005. Plaintiff repeatedly attempted to convince the defendant(s)including defendant(s) Angela Laster, that the plaintiff was (1. Under a doctor's care for serious back injuries and, (2. could not work as a result of his disability. The defendant(s) No. 8. Angela Laster insisted that the plaintiff was not officially disable and also not eligible for any waiver. The defendant(s) including defendant No. 8. Angela Laster ignored their own policy and procedures and incorrectly assumed that the plaintiff (although unemployed) was capable of being gainfully employed in the future. Mo. Code Regs. tit. 80-5.020 reads in part as follows:..".Unemployed offenders capable of being gainfully employed are not eligible…"

Although the plaintiff was unemployed and financially not capable of working, the plaintiff was told by defendant No. 8. Angela Laster, starting in 2005, claimed that because the plaintiff's "back pains" were subject to getting better the plaintiff was not eligible for any waiver of intervention fee. Based on those assumptions, starting in May 2005, the defendants ordered the plaintiff to pay a monthly intervention fee of $30.00, ultimately totallying thousands of dollars.

In Addition,  the plaintiff was placed on high level supervision status as a sanction for not
paying intervention fees.        See: Sanctions for not paying intervention fee.
 Defendants' relying on Mo. Regs tit. 80-5.020,  ignores all of the plaintiff's medical records and
continues to  perceive that the plaintiff is currently capable of working and also financially able to
pay intervention fees.  Clearly and specifically, defendants policy and/or procedures outlined in
Mo. Code Regs. tit. 80-5.020 continue to be  applied to plaintiff.
 Furthermore, the plaintiff was denied a waiver for insufficient income pursuant to Mo Code
Regs. tit. 80-5.020  in the following years   2005, 2006, 2007, 2008,  2009, 2010,  20011,  2012,
20013, 20014, 2015, 2016, 2017,  2018, 2019 and 2020,  due to the policy and procedures
pursuant to Mo. Code Regs. tit. 80-5.020.   Despite a mountain of medical records documenting
plaintiff's injuries, and official disability,  the defendants continue to  assume  that the plaintiff
has the ability to work and pay intervention fees.  See: Mo. Regs. tit. 80-5.020.  Plaintiff who has
provided the defendants with his vertified total income of all the years mentioned above is being
punished for being disable.  Plaintiff has also remained on the highest security level as a
sanction for the number of years mentioned above for not paying current and ongoing
intervention fees.  See: ("Failure to pay your intervention fees may increase your level of
supervision or a sanction may be imposed") Mo. Rev. 217.690(3).  Defendants stated
vindictiveness and refusal to acknowledge documented medical conditions has resulted in a
current overdue intervention fee balance of $325.00 and counting.
 Defendants have refused to acknowledge, continue to ignore, and denied  the seriousness of
plaintiffs' disability.

1. Plaintiff remained unemployed and informed all of his parole officer(s)(and others),
   (including his current and former parole officer)  defendants  Adrian Harris and Angela
   Laster  starting in 2003, of his disability and  inability to work.
2. Plaintiff first informed defendant No. 6 Adrain Harris, of his disability and continued
   intent for a waiver from intervention fees in 2020, when defendant No. 6 Adrain Harris,
   was assigned the plaintiff parole officer.
3. Defendant No. 6. Adrian Harris, informed the plaintiff that he would look into the matter
   and later informed the plaintiff in 2020,  that the plaintiff was not eligible for any waiver
   from intervention fee or lower security level until the current intervention fees are paid.
4. Furthermore, plaintiffs have sought waivers due to insufficient income since 2005, and
   was always told by the defendant(s) either (1. that the plaintiff was not eligible for any

waiver and (2. because of current unpaid intervention fees the supervision level could not be changed..

5.   On various occasions since 2003, other parole officers (not named as defendants) have recommended insufficient fee waivers and/or lower level supervision requests for the plaintiff however, all recommendations for lower level supervision and waivers for insufficient income were denied by a supervisor (named and not named herein) because of (1. ability to work and, (2. the ability to pay existing unpaid intervention fee balance) according to defendant No. 6 Adrian Harris and others.

6.   Plaintiff expressed his opposition to the intervention fees and high level supervision throughout his supervision to anyone and everyone who would listen or not listen, including supervisor defendant No. 5 Dave Scrugg, supervisor defendant No. 4 Terri Broleman, defendant No.6 Adrian Harris, defendant No. 5 Dave Scrugg, defendant No. 8 Angela Laster, defendant No.3 Valorie Sparks and others directly, and indirectly.

7.   Despite plaintiff's repeated documentation of his inability to work and expression of disapproval and opposition to the defendant's policy, no action was taken to remedy the matter by any of the defendants.

8.   Defendant No. 6 Adrian Harris, did explain the policy and/or procedure by simply saying that " it was a long-standing procedure if you didn't pay intervention fees."

9.    In February 2006, 2007, 2009, 2011, 2014 and again in 2018 reasonable parole officers (assigned to the plaintiff and not named as defendants herein) recommended that the plaintiff be placed in a lower level supervision and/or a waiver of intervention fees. All of those recommendations were denied.

10.  Defendant(s) No. 5 Dave Scrugg, and defendant No. 4 Terri Broeman and/or other supervisors at Probation and Parole Office ( named and not named as defendants herein) denied the recommendations from other parole officers (named and not named as defendants herein) for waivers and reduced security level because according to defendants' No 4 and No 5.(and other supervisors at Probation and Parole Office) the plaintiff was not eligible for any waivers and that the plaintiff owed outstanding unpaid intervention fees.

11. Plaintiff was repeatedly reminded by defendant(s) No. 8. Angela Laster and defendant(s) No. 6 Adrian Harris, that there was no appeal process.

12. Defendant(s) No. 6. Adrian Harris, defendant(s) No. 4 Terri Broeman, defendant(s) No. 3 Valorie Sparks, defendant(s) No. 8 Angela Laster, defendant(s) No.5 Dave Scrugg and others conditioned the plaintiff's release on parole with paying intervention fees.

13. Defendant(s) No. 8 Angela Laster stated to plaintiff " that "simple back pain" was not a qualification for a waiver for insufficient income or intervention fees.

14. Defendant(s) No. 8, Angela Laster stated to the plaintiff "if you can work you can pay intervention fees.".

15.   Defendant No. 6 Adrian Harriis has stated that plaintiffs could be subjected to both intervention fees, and current high level of supervision indefinitely if the plaintiff does not pay the intervention fee.

16. Plaintiff informed his parole officer defendant No. 6,  Adrian Harris, and others of his insufficient income, disability and inability to work on numerous occasions including as many as over one hundred  (100) times starting in 2003,  and as recently as May, June, July and August 2020.

17. Plaintiff informed defendant(s) Chairman Don Phillips, Missouri Board of Probation Chairman, as recently as last year, in a letter dated February 4th, 2019, (copy attached) detailing plaintiffs'  insufficient income, disability and inability to work in the future. Defendant Phillips did not respond, furthermore, it is the defendant's Phillip's policy and practice that subjects the plaintiff to intervention fees.

18. As recently as May 2020, defendant Adrian Harris,  informed plaintiff that he would seek a meeting with his supervisors  defendant(s) No. 5 Dave Scrugg and/or defendant No. 4, Terri Broleman regarding plaintiffs' insufficient income, disability and inability to work as well as overdue intervention fees. However, defendants No. 6 Adrian Harris, defendant No. 5 Dave Scrugg and defendant No. 4 Terri Broleman, provided  no further assistance.

19.   Defendants No. 4, Terri Broleman, defendant No. 5, David Scrugg and defendant No. 6  Adrian Harris,and others  suggested  that the plaintiff remain responsible for the current intervention fee balance of $3250.00.

20. On May 19, 2020 defendant No. 6, Adrian Harris, informed the plaintiff that " there was nothing his supervisors No. 4, defendants Terri Broleman nor defendant No. 5, David Scrugg or others could do about the intervention fees" due to the plaintiff's current unpaid fees and the plaintiff's  ability to work.

21. Plaintiff has written several complaint letters (copy of one dated June 17, 2019 enclosed) to defendant No.3, Valorie Sparks,  the District Administrator of the Intervention Fee

Program regarding his insufficient income, disability, and inability to work in the future. Attached to this complaint is defendant No. 3, Valorie Sparks' reply to plaintiffs' letters. Furthermore, it is the defendant Spark's policy and practice that subjects the plaintiff to intervention fees.

22. Plaintiff has written several complaint letters addressed to the defendant No. 7, Intervention Fee Program regarding plaintiff insufficient income, disability and inability to work in the future. Attached to this complaint is defendant No. 7, Intervention Fee Program reply to plaintiffs' letters.

23. Defendant(s) has {now} after over fifteen (15) years of ignoring plaintiffs' medical conditions and request for a waiver of intervention fees, acknowledged that the intervention fee amount allegedly owed has suddenly stopped at $3250.00, for no apparent reason however, maintains that the plaintiff still has to pay it.

24. Plaintiffs remain deliberately indifferent to the serious medical needs of plaintiff, including the special requirements of disabled plaintiff.

### STATEMENT OF CLAIMS
### Defendants have violated the Eighth Amendment of the U.S.Constitution by being deliberately indifferent to plaintiffs' serious medical needs

IV.      In 2005, Missouri Department of Probation and Parole established the Intervention Fee Program Mo. Code Regs. tit 80-5.020, pursuant to RSMo.217.040. 217.040 reads as follows: The board shall adopt rules not inconsistent with laws, in accordance with section 217.040. However, Intervention Fee Program rules Mo. Code Regs. tit. 80-5.202 were established and adopted are clearly inconsistent with law.   Specifically Mo Code Regs. tit. 80-5.020(H)(1) which creates the procedures for the Missouri Invention Program, reads as follows:

1. Mo. Code Regs. tit. 80-5.020 procedures governing Missouri Intervention Fee program provides a list of categories of people who can and cannot be exempted or waived from payment of the intervention fee reads as follows: **(H)** If an offender is unable to pay because of having insufficient income, fees may be waived in whole or in part. In these cases, the following steps shall be taken: **(1)** Offenders, whose total verified income is at or below the insufficient income criteria, maybe considered for a waiver. **Unemployed offenders capable of being gainfully employed are not eligible for waiver....**

2. Title II of the ADA which provides "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the service, programs, or activities of a public entity, or be subjected to discrimination by any such entity" 42 U.S.C. 12132

3. Mo. Code Regs. tit. 80-5.020 clearly obstructs, impedes and impairs the plaintiff from being eligible for waivers.

4. There are "no" factors that go into determining what "capable of being gainfully employed means."

5. Under this scheme, hundreds or thousands of eligible offenders like the plaintiff who are unemployed but considered 'capable of being gainfully employed' are not eligible for waivers.

6. Mo. Code Regs. tit. 80-5.020 is tantamount to a post-bail.

7. Mo. Code Regs. tit. 80-5.020 is an unconstitutional punishment.

8. Mo. Code Regs. tit. 80-5.020 is an unconstitutional pay-to-be release system.

9. Plaintiff's disability and parole from confinement predates the intervention fee program which clearly makes the intervention fee program a capricious and/or irrelevant factor.

10. A United States Disability Judge ruled that the plaintiff was totally disable and coincidentally, the disability judge used some of the exact words in its decision of the words in Intervention fee program  Mo. Regs. tit. 80-5.020 …..that I (the plaintiff) was " not gainfully employable."

11. Defendants were made fully aware of the disability decision and chose to ignore them.

12. Mo.Code Regs. tit. 80-5.020 makes Insufficient income criteria not applicable to plaintiff.

13. Defendants applied Mo. Code Regs. tit. 80-5.020 to plaintiff anyway.

14. Defendants were aware of plaintiff's complaints about growing intervention fees, plaintiff inability to work  and despite that knowledgement failed to do anything.

15. Plaintiff points to Code Regs. tit. 80-5.020(H)(1) which  provides:  (H)  If an offender is unable to pay because of having insufficient income, fees may be waived in whole or in part. In these cases, the following steps **shall be taken  ( 1) Offenders, whose total verified income is at or below the insufficient income criteria, may be considered for a waiver. Unemployed offenders capable of being gainfully employed are not eligible for a waiver...** Here, plaintiff was "otherwise qualified" for a waiver that the  defendants intentionally excluded plaintiff from.

16. Here,   Mo. Code Regs. tit. 80-5.020  clearly creates a fundamental alteration in the nature of the Intervention Program as it relates to the plaintiff being eligible for a waiver for insufficient income.

17. Furthermore, Mo. Code Regs. tit. 80-5.020 clearly creates an undue financial burden on the plaintiff because of his disability.

18. Mo. Code Regs. tit. 80-5.020 clearly shows that all the deprivations occurred because of policy and procedures established by the defendants.

19. Defendants policy and procedures outlined in Mo. Code Regs. tit. 80-5.020 were incorrectly allowing the defendants to deprive the plaintiff of a clearly established waiver.

20. Defendants policy and procedures as outlined in Mo. Code Regs. tit.80-5.020 deliberately allowed defendants not to recommend a waiver or lower level supervision because of a preconceived ability to work and pay intervention fees.

21. More importantly, defendants showed deliberate indifference to plaintiff's financial needs previously held by a disability judge who specifically found that plaintiff was **"not gainfully employable."**

22. Here, defendants used Mo. Code Regs. tit. 80-5.020 to lawfully discriminate against plaintiffs.

23. Mo Code Regs.tit.80-5.020 (G)(5) Reads: Sanction for willful nonpayment of intervention fees includes, but not limited to followings: ( D). Increased level of supervision.

24. Insufficient income is listed as a waiver according to a list of the categories of people who can be exempted or waived from payment of the filing fee Mo Code Regs. tit. 80-5.020.

25. Plaintiff had insufficient income due to being unemployed.

26. These rules intentionally discriminate against plaintiff who are legally disable and not capable of being gainfully employed.

27. These Missouri Division of Probation and Parole rules as outlined in Mo. Code Regs. tit. 80.-5.202 clearly allows the plaintiff a waiver even though the plaintiff was unemployed and not capable of being gainfully employed.

28. Plaintiff has been both unemployed and not capable of being gainfully employed since 2003.

29. There is no rational basis for treating plaintiff with insufficient incomes differently from those incapable of working.

30. Missouri Code Regs. tit. CRS 80-5.020 effectively allowed defendants to not grant waiver for insufficient incomes for those like the plaintiff who may not be capable of working. .

31. Mo Code tit.CRS 80-5.020 is effectively too speculative and unconstitutional.

32. Defendants did not provide the plaintiff adequate procedures to challenge individual determinations of ineligibility.

33. Missouri Code Regs. tit. CRS 80-5.020 is a rule based on unemployed offenders not eligible for waivers or vice versa.

34. Missouri Code Regs. tit. CRS 80.5-020 is a rule based on a " presumption" and of a finding that the offender is capable of being gainfully employed.

35. Missouri Code Regs. tit. CRS 60-5.020 is a rule that is based on disability discrimination.

36.  Missouri Code Regs. tit. CRS 80-5.020 has caused the plaintiff to suffer physical pain and mental-emotional distress due to the intentional actions of defendants.

37. Missouri Code Regs. tit. CRS 80.5-020 is a rule that is unconstitutional on its face.

38. Plaintiff believes Missouri Code 80.5-020 to be retaliatory in nature..

39. Missouri Code Regs. tit. CRS 80.5-020 clearly prevents plaintiffs from exercising constitutionally protected individual rights in violation of ADA.

40. Missouri Code Regs. tit. CRS 80.5-020 has a clear unambiguous directive as to its understanding and meaning.

41. Missouri Code Regs. tit. CRS 80.5-020 abridge and/or impair plaintiff right to apply for insufficient income waiver.

42. Missouri Code Regs. tit. CRS 80.5-020 (H),  is vague and absence of any standard that would prevent arbitrary imposition of intervention fees and also for imposing on the plaintiff a higher supervision level as a  sanction.

## RELIEF SOUGHT

Plaintiffs seek a declaratory judgement that defendants have violated the ADA, an order requiring defendants to comply with the ADA, injunctive relief,  an award of monetary damages, civil penalties and jury trial.

Respectfully Submitted,

Donald Harden
2806 Osage st. APT  1E
St. Louis, MO 63118
(314)  265-9844

13.

## CERTIFICATE OF SERVICE

I, Donald Harden, the plaintiff hereby certify that a true and correct copy of the amended
complaint was hand delivered to the office of the clerk of the United States District Court on this 14th
day of September, 2020



Respectfully Submitted,


Donald Harden

## WITNESS OR WITNESSES


Dr. Kevin Coleman  MD
Millennium Pain Management
13131 Tesson Ferry Road
St. Louis, MO 63128
(314) 756-8050

Susan Wittlich  MD
Millennium Pain Management

14.

13131 Tesson Ferry Road

St. Louis, MO 63128

(314) 756-8050

Steven Granberg  MD

Millennium Pain Management South Ferry Rd.

13131 Tesson Ferry Road

Suite 105

St. Louis, MO 63128

(314) 756-8050