# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONALD HARDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-771 JAR |
| ) | |
| MISSOURI BOARD OF PROBATION AND ) | |
| PAROLE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon review of the Amended Complaint of self-represented plaintiff Donald Harden under 28 U.S.C. § 1915(e)(2). Plaintiff alleges that the Missouri Board of Probation and Parole's refusal to waiver the monthly intervention fees assessed against him, violates the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*. As discussed below, plaintiff's Amended Complaint fails to state a claim of disability discrimination under the ADA. In addition, to the extent that plaintiff is also attempting to allege the unconstitutionality of charging parole intervention fees in Missouri generally, such allegations also fail to state a claim for relief. Therefore, this case will be dismissed.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which

is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

## Background

On June 15, 2020, self-represented plaintiff Donald Harden filed a Complaint seeking relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, against seven defendants: (1) Missouri Board of Probation and Parole; (2) Don Phillips (Chairman of the Board); (3) Valorie Sparks (District Administrator); (4) Terri Broleman (Unit Supervisor); (5) Dave Scrugg (Unit Supervisor); (6) Adrian Harris (Parole Officer); and (7) Missouri Intervention Fee Program. ECF No. 1 at 1.

Plaintiff's allegations are centered on the monthly intervention fee that he is accessed, pursuant to state statute, as a parolee under the supervision of the Missouri Board of Probation and Parole. According to plaintiff, he suffered a disabling back injury in 2003, which he alleges constitutes a disability under the ADA. In his initial Complaint, plaintiff asserted that the defendants have ignored and denied his back injury such that they will not waive the monthly intervention fee (as allowed under Missouri law) assessed against him. Plaintiff asserted that this ignorance and denial constitutes intentional disability discrimination under the ADA.

In its August 19, 2020 Order, the Court reviewed plaintiff's initial Complaint under 28 U.S.C. § 1915(e)(2). ECF No. 3. The Court found that plaintiff failed to allege or provide any evidence of a denial of fee waiver based on disability discrimination. Plaintiff had not even specifically alleged any of the defendants had denied him a requested fee waiver, nor had he explained how any alleged denial was due to disability discrimination. In addition, plaintiff failed to assert facts specific to each of the named defendants, explaining how each defendant had individually violated the ADA. As such, the Court directed plaintiff to attempt to cure these pleading deficiencies by filing an amended complaint in accordance with the instructions provided.

Following the Court's Order to amend, plaintiff filed a Motion to Stay and a Writ of Prohibition based on the argument that the Court had incorrectly screened his initial Complaint in this matter under 28 U.S.C. § 1915A. *See* ECF Nos. 4, 5. The Court denied relief, explaining that the Court had reviewed plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) – a different statute than 28 U.S.C. § 1915A. ECF No. 7. The statute used to screen plaintiff's Complaint, 28 U.S.C. § 1915(e)(2), is applicable to all plaintiffs who are proceeding *in forma pauperis*, which includes the plaintiff in this matter. *See* ECF No. 6. The Eighth Circuit Court of Appeals also denied

plaintiff relief on his Writ filed with that Court. ECF Nos. 9-10. Subsequently, plaintiff filed his Amended Complaint in this matter on September 14, 2020. ECF No. 11.

## The Amended Complaint

Plaintiff's Amended Complaint, titled "Americans with Disability Act of 1990, 42 U.S.C. 1213-12134 Its Implementing Complementary Statutes and Amendment Act of 2008 et seq.," seeks relief against eight defendants: (1) Missouri Board of Probation and Parole; (2) Don Phillips (Chairman of the Board); (3) Valorie Sparks (District Administrator); (4) Terri Broleman (Unit Supervisor); (5) Dave Scrugg (Unit Supervisor); (6) Adrian Harris (plaintiff's current Parole Officer); (7) Missouri Intervention Program; and (8) Angela Laster (plaintiff's former Parole Officer). ECF No. 11 at 7-9. The six individual defendants are employees of the Missouri Board of Probation and Parole. *Id.* at 10 ¶ F. Plaintiff sues the defendants in both their individual and official capacities. *Id.* at 11 ¶ K.

Plaintiff states that he was paroled from Missouri prison in March 2001. In 2003, plaintiff suffered a serious back injury while working as a laborer. Plaintiff has not been able to work since the injury; he has been diagnosed with a lumbar spine injury and degenerative spine disease. *Id.* at 11. Plaintiff's years of back treatment have included physical therapy; over 25 cortisone injections; use of a walker, back brace, and cane; a discectomy; a level II spinal fusion; and pain medications. Plaintiff states that he often has problems being able to walk, stand, sit, drive, laydown, standup, run, and bounce. He has experienced feelings of pins and needles in his legs and he has suffered from depression. *Id.* at 11-12. At some point, plaintiff states that a "United States Disability Judge" found him to be totally disabled and "not capable of being gainfully employed." *Id.* at 12.

In 2005, an amendment to a Missouri statute provided the Board of Probation and Parole with the power to assess a $30 monthly fee against plaintiff. At the time, plaintiff was supervised by defendant parole officer Angela Laster, who informed plaintiff that the fee collection applied to him. Plaintiff "repeatedly attempted to convince" Laster that he was under the care of a doctor for a serious back injury and that he could not work as a result of his injury. Laster informed plaintiff that he was "not officially disable[d]," that he was "not eligible for any waiver," and that he was "capable of being gainfully employed." *Id.* at 12. Laster also told plaintiff that "'simple back pain' was not a qualification for a waiver for insufficient income." *Id.* at 15 ¶ 13.

Plaintiff states that he was denied a waiver on the basis of insufficient income every year between 2005 and 2020. *Id.* at 13. When he received these denials, plaintiff was told that he was "not eligible for any waiver." *Id.* at 13-14 ¶¶ 4, 10. Over the years when plaintiff did have a parole officer who would recommend a waiver or lower level of supervision on plaintiff's behalf, supervisors Terri Broleman and Dave Scrugg denied such requests because of plaintiff's "ability to work" and "ability to pay existing unpaid intervention fee balance." *Id.* at 14 ¶¶ 5, 10. Plaintiff states that despite providing defendants with medical evidence of his back injury and "his verified total income," defendants "continue to assume that [he] has the ability to work and pay intervention fees." *Id.* at 13. Plaintiff asserts that he is "being punished" for being disabled. *Id.* Plaintiff has also been sanctioned for the lack of payment of fees by being placed on a "high level supervision status." *Id.* at 13.

Sometime in 2020, defendant Adrian Harris became plaintiff's parole officer. Plaintiff explained his disability and again argued for a waiver of his intervention fees. After looking into the matter, Harris informed plaintiff that he was "not eligible for any waiver." *Id.* at 13 ¶ 3. Harris also told plaintiff that his current high level of supervision could last indefinitely if he did not pay

5

the fees owed. *Id.* at 15 ¶ 15. In May 2020, Harris told plaintiff that he would seek a meeting with supervisors Scrugg and Broleman regarding plaintiff's waiver request and overdue fees. Later in the month, Harris told plaintiff that there was nothing supervisors Scrugg and Broleman could do about the fees due to plaintiff's "current unpaid fees" and "plaintiff's ability to work." *Id.* ¶¶ 18, 20.

Over the many years of denial of a fee waiver, plaintiff states that he "expressed his opposition to the intervention fees and high level of supervision" to defendant District Administrator Valorie Sparks, defendant Unit Supervisor Terri Broleman, defendant Unit Supervisor Dave Scrugg, and defendant parole officers Laster and Harris "directly[] and indirectly." *Id.* at 14 ¶ 6. Plaintiff states that these defendants "conditioned" his release on parole with paying intervention fees. *Id.* at 15 ¶ 12. Plaintiff was repeatedly told by defendant parole officers that there was no appeal process. *Id.* at 14 ¶ 11. Plaintiff sent defendant Don Phillips, Chairman of the Board of Probation and Parole, a letter[1] in February 2019 explaining his situation and seeking relief from intervention fees. Plaintiff did not receive a response. *Id.* at 15 ¶ 17. Plaintiff also sent several complaint letters to defendant Valorie Sparks, the District Administrator of the Intervention Fee Program, and to the Intervention Fee Program generally. *Id.* at 15-16 ¶ 21-22.

Although plaintiff titles his Amended Complaint as being brought under the ADA, his 'Statement of Claims' section also alleges that defendants have violated the Eighth Amendment "by being deliberately indifferent to plaintiff['s] serious medical needs" and that they have

---

[1] In reference to this letter in his Amended Complaint, plaintiff states: "(copy attached)." ECF No. 11 at 15 ¶ 17. However, there were no exhibits attached the Amended Complaint filed by plaintiff. In addition, plaintiff makes three other references in his Amended Complaint to attached exhibits that were not filed or attached to the Amended Complaint. *See id.* at 15 ¶ 21, 16 ¶ 21, 16 ¶ 22.

"lawfully discriminate[d]" against him by showing "deliberate indifference to [his] financial needs." *Id.* at 16 ¶ 24, 18 ¶¶ 21-22.

However, most of plaintiff's claims are aimed at the Missouri Code of State Regulations rule on the Intervention Fee Procedure, which states in part: "Offenders, whose total verified income is at or below the insufficient income criteria, may be considered for a waiver. Unemployed offenders capable of being gainfully employed are not eligible for a waiver." Mo. Code Regs. Ann. tit. 14, § 80-5.020(H)(1). Plaintiff asserts that this language of the Missouri Code "obstructs, impedes and impairs [him] from being eligible for waiver" because it does not allow for a waiver for someone who is unemployed but "capable of being gainfully employed." *Id.* at 17 ¶ 3, 5. Plaintiff alleges that this is "tantamount to a post-bail," "unconstitutional punishment," "unconstitutional pay-to-be release system," "too speculative," and "unconstitutional on its face." *Id.* at 17 ¶¶ 6-8, 18 ¶ 31, 19 ¶ 37. Plaintiff also asserts that this Missouri Regulation prevents him "from exercising constitutionally protected individual rights in violation of the ADA." *Id.* at 19 ¶ 39. Finally, plaintiff claims that defendants "did not provide [him] adequate procedures to challenge individual determinations of ineligibility." *Id.* at 18 ¶ 32.

As a result of not paying any fees since 2005, plaintiff has a current overdue intervention fee balance of $3,250. Plaintiff states that the amount he owes in fees has stopped accruing at this amount "for no apparent reason." *Id.* at 16 ¶ 23. For relief, plaintiff seeks a declaratory judgment that defendants have violated the ADA, an order requiring defendants to comply with the ADA, injunctive relief, and an award of monetary damages and civil penalties. *Id.* at 19.

## Discussion

Having thoroughly reviewed and liberally construed the Amended Complaint, the Court concludes this action must be dismissed for failure to state a claim upon which relief may be

7

granted. Plaintiff's allegations fail to state a claim of disability discrimination under the ADA. In addition, to the extent that plaintiff seeks to assert a violation of his Eighth Amendment rights or to assert a claim that the charging of parole intervention fees is generally unconstitutional, these assertions also fail to state adequate claims for relief. This case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff contests the denial of waiver of the monthly intervention fees assessed against him as a Missouri state parolee. The Missouri statute granting the power to collect such fees was amended in 2005 to read:

> The division of probation and parole has discretionary authority to require the payment of a fee, not to exceed sixty dollars per month, from every offender placed under division supervision on probation, parole, or conditional release, to waive all or part of any fee, to sanction offenders for willful nonpayment of fees, and to contract with a private entity for fee collections services.

Mo. Rev. Stat. § 217.690.3. Based on this statute, plaintiff's parole officers began accessing a $30 monthly fee against plaintiff and because plaintiff never paid the fees, he now owes $3,250.

Plaintiff's complaints regarding these fees focus on the Missouri Code of State Regulations Rule on the Intervention Fee Procedure, Mo. Code Regs. Ann. tit. 14, § 80-5.020, which establishes the process by which a monthly intervention fee is collected from offenders under probation, parole, or conditional release supervision of the Board of Probation and Parole. The section on obtaining a waiver of fees based on insufficient income states in full:

> (H) If an offender is unable to pay because of having insufficient income, fees may be waived in whole or in part. In these cases, the following steps shall be taken:
>
> > 1. Offenders, whose total verified income is at or below the insufficient income criteria, may be considered for a waiver. *Unemployed offenders capable of being gainfully employed are not eligible for a waiver.* An offender's income is considered insufficient if it is at or below the most recent Federal Poverty Guidelines issued by the U.S. Department of Health and Human Services. Income from all family members in the household is used to calculate whether the waiver is appropriate. If a person lives with

8

> his or her family, the combined income of all family members will be used (non-relatives, such as housemates, do not count). For a waiver to be considered, the offender must provide appropriate records to document household income;
>
> 2. Once the officer verifies the offender meets one (1) of the waiver criteria above, the officer will complete the Request for Waiver of Intervention Fees and submit it to the district administrator for approval;
>
> 3. If approved, waivers are valid for a maximum of ninety (90) days. The district administrator shall make the waiver entry into the computer system. If the officer determines the waiver should be renewed beyond that point, a new Request for Waiver of Intervention Fees must be submitted for approval. However, at any point the officer determines that the offender is again capable of paying monthly intervention fees, supervisory approval is not necessary to rescind the waiver.

Mo. Code Regs. Ann. tit. 14, § 80-5.020(H) (emphasis added). This Regulation also establishes allowable sanctions for nonpayment of fees as follows:

> Sanctions for willful nonpayment of intervention fees include, but are not limited to, the following:
>
> A. Written reprimand from district administrator or parole board;
> B. Travel restriction;
> C. Community service;
> D. Increased level of supervision; and
> E. Shock Detention

Mo. Code Regs. Ann. tit. 14, § 80-5.020(I)(5).

Plaintiff alleges that he has been denied waiver over the last 15 years due to the clause in the Regulation which states that unemployed offenders "capable of being gainfully employed" are not eligible for a waiver. ECF No. 11 at 17 ¶ 5. According to plaintiff, there are no factors for determining whether a person meets this standard, yet defendants have repeatedly ignored plaintiff's evidence of a disability and not recommended a waiver due to a "preconceived ability to work." *Id.* at 17-18. Plaintiff argues that this has resulted in the "insufficient income criteria

9

not [being] applicable to [him]" and has put an "undue financial burden" on him. *Id.* at 17 ¶ 12, 18 ¶ 17.

Plaintiff titles his Amended Complaint as being brought under the Americans with Disabilities Act and he quotes Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiff alleges that defendants have used the Missouri Code of State Regulations Intervention Fee Procedure, Mo. Code Regs. Ann. tit. 14, § 80-5.020, "to lawfully discriminate" against him, arguing that the Regulation "intentionally discriminate[s] against plaintiff who [is] legally disable[d] and not capable of being gainfully employed" and "prevents plaintiff[] from exercising constitutionally protected individual rights in violation of ADA." ECF No. 11 at 18-19. Plaintiff states further that there is "no rational basis for treating [him] with insufficient income differently from those incapable of working." *Id.* at 18.

Title II of the ADA prohibits public entities from discriminating based on disability in their provision of services, programs, or activities. To state a prima facie case under the ADA, plaintiff must allege: (1) he is a qualified individual with a disability; (2) he was denied the benefits of a program or activity of a public entity receiving federal funds; and (3) he was discriminated against based on his disability. *M.P. ex rel. K. & D.P. v. Indep. Sch. Dist. No. 721, New Prague, Minn.*, 439 F.3d 865, 867 (8th Cir. 2006); *see also Rinehart v. Weitzell*, 964 F.3d 684, 688 (8th Cir. 2020).

Assuming plaintiff meets the first two criteria in that he is a 'qualified individual with a disability' and that the denial of a intervention fee waiver constitutes a denial of a 'benefit of a program or activity of a public entity,' plaintiff's allegations still fail to state a plausible claim that he was discriminated against based on his disability. Plaintiff alleges that he has been denied a fee

10

waiver because defendants have found that he is "capable of being gainfully employed," despite his medical evidence of a disabling back injury. However, liberally construing the allegations of the Amended Complaint, it is not clear that this is the reason for fee waiver denial – nor is there any indication that the denial of fee waiver has anything to do with plaintiff's alleged disability.

The Intervention Fee Procedure Regulation allows waiver of intervention fees when an offender's "total verified income is at or below the insufficient income criteria," where "[i]ncome from all family members in the household is used to calculate whether the waiver is appropriate." Mo. Code Regs. Ann. tit. 14, § 80-5.020(H)(1). Plaintiff states that **he** has insufficient income due to being unemployed, and **he** has provided defendants with "**his** verified total income." ECF No. 11 at 13, 18 (emphasis added). However, plaintiff fails to assert that the total income from all family members in his household is at or below the insufficient income criteria. Defendants' denials of a waiver mention being "not eligible for any waiver" or denial due to "ability to pay existing unpaid intervention fee balance." *Id.* at 13-14. Plaintiff fails to allege enough facts to demonstrate that he is qualified to receive an insufficient income waiver under the Regulation.

Nevertheless, even assuming plaintiff had plead that his total household income meets the minimum for insufficient income, plaintiff still fails to establish that this denial of waiver was based on disability discrimination. 'Discrimination' is defined as "differential treatment; [especially] a failure to treat all persons equally." *Black's Law Dictionary* 259 (5th pocket ed. 1996). In this case, there is no evidence that plaintiff was treated differently by defendants due to his disability. Plaintiff points to no intentionally disparate treatment from others similarly situated. Plaintiff alleges that there is "no rational basis for treating [him] with insufficient income differently from those incapable of working." ECF No. 11 at 18. But there is no evidence that he is being treated differently by defendants than any other person with his level of household income.

11

In fact, plaintiff seems to be complaining that defendants *should* treat him differently due to his disability, but that they are not. The Regulation does not allow for waiver based on disability. Defendants denial of waiver and sanctions for nonpayment follow the process and procedure outlined in the Regulation. As such, the factual allegations of plaintiff's Amended Complaint fail to state a claim of disability discrimination under Title II of the ADA against the named defendants.[2]

Finally, although plaintiff's Amended Complaint is titled under the ADA, plaintiff seems to be asserting other claims as well. The 'Statement of Claims' section of the Amended Complaint is subtitled: "Defendants have violated the Eighth Amendment of the U.S. Constitution by being deliberately indifferent to plaintiff's serious medical needs." ECF No. 11 at 16. Plaintiff alleges that defendants are "deliberately indifferent to … the special requirements of disabled plaintiff" and that defendants "showed deliberate indifference to plaintiff's financial needs." *Id.* at 16 ¶ 24, 18 ¶ 21. Plaintiff also claims that the Missouri Code Regulation, Mo. Code Regs. Ann. tit. 14, § 80-5.020, is "unconstitutional" and did not provide plaintiff with "adequate procedures to challenge individual determinations of ineligibility." ECF No. 11 at 17-18.

The Eighth Amendment of the United States Constitution prohibits cruel and unusual punishments. U.S. Const. amend. VIII. According to the Supreme Court, this prohibition was intended by the drafters to address concerns of torture and barbarous punishments. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). The Eighth Amendment prohibition is often applied in the

---

[2] Furthermore, even if plaintiff had stated a valid claim, Title II of the ADA only applies against "public entities." 42 U.S.C. § 12132. As relevant here, under 42 U.S.C. § 12131(1), the term "public entity" means "any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government." The term "does not include individuals." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999); *see also Randolph v. Rogers*, 253 F.3d 342, 348 (8th Cir. 2001) ("[T]he public-entity limitation [of Title II of the ADA] precludes ADA claims against state officials in their individual capacities."). As a result, individual defendants Don Phillips, Valorie Sparks, Terri Broleman, Dave Scrugg, Adrian Harris, and Angela Laster cannot be held liable in their individual capacities under Title II of the ADA.

12

context of prisoners when evaluating allegations of excessive force, inhumane conditions of confinement (including medical care), and failure to protect under a "deliberate indifference" standard. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994).

In *Jackson v. Chairman & Members of Mo. Bd. of Probation & Parole*, a Missouri state parolee questioned the constitutionality of the monthly intervention fee assessed by the Missouri Board of Probation and Parole. No. 4:10CV104 CDP, 2010 WL 5070722, *1 (E.D. Mo. Dec. 7, 2010). This United States District Court held that the imposition of parole intervention fees, authorized by Missouri statute, does not violate the Ex Post Facto Clause (U.S. Const. art. I, § 10, cl. 1),[3] the Bill of Attainder Clause (U.S. Const. art. I, § 10, cl. 1),[4] or the Due Process Clause of the United States Constitution (U.S. Const. amend. XIV, § 1).[5] The Court relied in part on a Missouri Supreme Court case holding that the charging of intervention fees for parole services "does not create a new obligation, impose a new duty, or attach a new disability in respect to past transactions or considerations." *Jackson v. Members of Missouri Bd. of Prob. & Parole*, 301 S.W.3d 71, 72 (Mo. 2010).

Like the plaintiff in *Jackson*, plaintiff here alleges that the charging of intervention fees constitutes "unconstitutional punishment." ECF No. 11 at 17 ¶ 7. However, this Court found that the Missouri statute authorizing parole intervention fees is "civil in nature," "was not intended to be punitive," and "is not an additional punishment." *Jackson*, 2010 WL 5070722, at *5. Because

---

[3] Ex post facto laws "impose[] a punishment for an act which was not punishable at the time it was committed; or impose[] additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28-29 (1981) (citations omitted).

[4] "In order to constitute a bill of attainder, a statute must impose a punishment upon a designated person or class of persons without the benefit of trial." *Jensen v. Heckler*, 766 F.2d 383, 386 (8th Cir. 1985) (citations omitted).

[5] "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; no shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

the Court found that the fee did not subject a parolee to additional punishment, it found no violation of the Ex Post Facto or Bill of Attainder Clauses. *Id.* As the intervention fees are not punishment, they cannot constitute cruel and unusual punishment under the Eighth Amendment.[6]

As to plaintiff's allegations of inadequate procedures, the Court found in *Jackson* that a parolee's access to his parole officer and the provisions that allow for waiver of fees, are constitutionally adequate procedures such that a parolee's right to due process was not violated by the imposition of intervention fees under Missouri statute. 2010 WL 5070722, at *6-7. Therefore, based on this Court's prior holding in *Jackson*, plaintiff's allegations are insufficient to state a claim regarding the unconstitutionality of charging parole intervention fees in Missouri.

In summary, plaintiff claims that he is being denied waiver of his parole intervention fees because defendants will not acknowledge his disability. However, plaintiff points to no Missouri statute or regulation allowing waiver based on disability. Waiver is allowed for a finding of insufficient income based on a parolee's total household income. Plaintiff does not allege that his total household income meets the waiver requirements. Nor does plaintiff allege that he ever provided the appropriate records to document household income, as required by the Regulation procedures. More importantly, plaintiff never asserts that defendants treated him differently than any similarly situated parolee due to his disability. Plaintiff's allegations of disability discrimination under the ADA, Eighth Amendment deliberate indifference, and unconstitutionality of the Missouri Intervention Fee Program, fail to survive review under 28 U.S.C. § 1915(e)(2).

---

[6] In addition, the Eighth Amendment's prohibition on cruel and unusual punishment does not protect plaintiff's *financial* needs, as alleged by plaintiff. To the extent that plaintiff is arguing that defendants have been deliberately indifferent to his medical needs, none of the defendants are in a position of responsibility for plaintiff's medical needs. Denial of a parole fee waiver for insufficient income does not demonstrate a deliberate disregard of serious medical needs. *See Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019).

Plaintiff's Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 21st day of October, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE